IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| FREDDIE JONES, LUKE JONES  TRENNA JONES, RALPH JONES, LAVON JONES, and JIMMY FREEMAN, as Surviving Children of ELNORA JONES, Deceased. | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 2:07-cv-02120-BBD-tmp |
| vs. | ) ) ) | JURY DEMANDED |
| ABBOTT LABORATORIES, | ) ) | |
| Defendant. | ) | |

**CONSOLIDATED JOINT MOTION FOR AMENDMENT OF RULE 16(B) SCHEDULING ORDER AND MEMORANDUM OF LAW IN SUPPORT**

Comes now Plaintiffs, Freddie Jones, Luke Jones, Trenna Jones, Ralph Jones, Lavon Jones and Jimmy Freeman ("Plaintiffs") and Defendant, Abbott Laboratories ("Abbott"), by and through counsel, and respectfully request amendment of the Rule 16(b) Scheduling Order ("Scheduling Order") entered in this cause pursuant to Rule 6(b) of the Federal Rules of Civil Procedure. In support of this Motion, the parties submit as follows:

1. At the conclusion of the Scheduling Conference in this case, held May 17, 2007, the Court entered a Scheduling Order setting deadlines for discovery in this case. [Docket No. 9.]

2. Among the deadlines included in the Scheduling Order were deadlines for "Disclosure of Rule 26(a)(2)(A) Experts," (November 16, 2007), "Disclosure of Plaintiffs' Rule 26(a)(2)(B) Expert Reports and Information," (June 18, 2008) and

"Disclosure of Defendants' [sic] Rule 26(a)(2)(B) Expert Reports and Information" (July 18, 2008).

3. On January 25, 2008, counsel for Abbott Laboratories, Brook Lathram, DeWitt M. Shy, Jr., and Mary A. Hale of Burch, Porter & Johnson, PLLC moved to withdraw from their representation of Defendant and for the substitution of current counsel to appear on behalf of Abbott in this case. [Docket No. 29.] This Motion was granted via order entered January 28, 2008. [Docket No. 30.]

4. Upon discussion between Plaintiffs' counsel and current counsel for Abbott regarding certain discovery deadlines, including those set forth in Paragraph No. 2, above, Plaintiffs' counsel advised that the parties agreed, and intended for the Scheduling Order to reflect, that November 16, 2007 would be the deadline for Plaintiffs to identify any treating physicians of Plaintiffs' decedent, Elnora Jones, upon whose expert testimony Plaintiffs' intend to rely at trial.  Pursuant to this understanding, Abbott was to identify any internal company witnesses upon whose expert testimony Abbott intended to rely at trial.  The parties' contemplated that the latter deadlines for exchanging "Rule 26(a)(2)(B)" information would provide Plaintiffs with an opportunity to identify non-treating physician experts, for Abbott to identify external expert witnesses, and for the parties to exchange expert reports.

5. Despite this agreement and understanding, the final Scheduling Order, read literally, requires that *all* expert witnesses to be relied upon by either Plaintiffs or Defendant have been identified on or before November 16, 2007, and then sets alternate deadlines for the parties to exchange written reports memorializing the opinions of each expert.

2

6. Due to this inconsistency between the agreement of the parties and the Scheduling Order, the parties desire to amend the Scheduling Order to reflect this agreement and to provide each party additional time to identify all expert witnesses to provide testimony at the trial of this case and to obtain and exchange written reports of their opinions.

7. Further, as a result of the transition of counsel for Defendant, the extensive time dedicated to briefing and arguing Defendant's Motion to Dismiss, the eventual substitution of the instant Plaintiffs upon the death of Plaintiffs' decedent, Elnora Jones, and the pendency of several motions related to written discovery, such as Defendant's Motion for Protective Order and Plaintiffs' Motions to Compel regarding Plaintiffs' First and Second Request for Production, the parties desire to extend some of the Scheduling Order deadlines.

8. Rule 6(b) of the Federal Rules of Civil Procedure provides, in relevant part:

> When by these rules or by notice given thereunder or by order of court an act is required or allowed to be done at or within the specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefore is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect…

Fed. R. Civ. Pro. 6(b).

9. Pursuant to Federal Rule of Civil Procedure 6(b), this Court has full discretion to grant the parties' request for an amendment of the scheduling order deadlines. To the extent that the parties seek an extension of scheduling order deadlines which have not yet expired, it is within the Court's discretion to grant this revision, as this request is made prior to the expiration of the period originally prescribed by the Scheduling Order. With respect to deadlines in the Scheduling Order which have already

M ETL 1084896 v1
2139310-000083 05/13/2008

expired, the requested amendment is proposed in order to make the Scheduling Order consistent with the understanding and agreement formed between the parties prior to the entry of the Scheduling Order.

10. Additionally, the parties are in agreement that extensions of the deadlines as requested will materially enhance the preparation of the case for trial.

11. A proposed Amended Rule 16(b) Scheduling Order, agreeable to Plaintiffs and Defendant will be submitted in the near future to the Court's ECF mailbox for consideration and approval.

        Respectfully submitted,

        _s/R. Jason Richards w/perm. by Emily Landry
        Neil D. Overholtz, Esq.
        R. Jason Richards, Esq.
        Aylstock, Witkin, Kreis & Overholtz, PLLC
        803 North Palafox Street
        Pensacola, Florida 32501
        *Admitted pro hac vice*

        B. J. Wade
        Tennessee Bar No. (#5182)
        Glassman, Edwards, Wade & Wyatt, P.C.
        26 North Second Street Building
        Memphis, Tennessee  38103

        *Attorneys for Plaintiffs*

        s/Emily Landry_____
JILL M. STEINBERG
Tennessee Bar No. 11603
jsteinberg@bakerdonelson.com

EMILY LANDRY
Tennessee Bar No. 22157
elandry@bakerdonelson.com

KRISTINE L. ROBERTS
Tennessee Bar No. 23856
kroberts@bakerdonelson.com

ROBERT TOM
Tennessee Bar No. 26636
rtom@bakerdonelson.com

BAKER, DONELSON, BEARMAN,
  CALDWELL & BERKOWITZ, PC
2000 First Tennessee Building
165 Madison Avenue
Memphis, Tennessee  38103
Telephone:  (901) 526-2000-
Facsimile:  (901) 577-2303

*Attorneys for Abbott Laboratories*

5