**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| FREDDIE JONES, LUKE JONES | ) | |
| TRENNA JONES, RALPH JONES, LAVON | ) | |
| JONES, and JIMMY FREEMAN, as Surviving | ) | |
| Children of ELNORA JONES, Deceased. | ) | |
| | ) | |
| | ) | Case No. 2:07-cv-02120-BBD-tmp |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | JURY DEMANDED |
| ABBOTT LABORATORIES, | ) | |
| | ) | |
| Defendant. | ) | |

**AMENDED SCHEDULING ORDER**

Pursuant to the Order Granting Joint Motion for Amendment of Rule 16(b) Scheduling

Order, entered May 20, 2008, the following dates are established as the final dates for:

**INITIAL DISCLOSURES:** June 11, 2007

**AMENDING PLEADINGS**:  January 18, 2008

**JOINING PARTIES**:  January 18, 2008

**INITIAL MOTIONS TO DISMISS**:  August 15, 2007

**COMPLETING ALL DISCOVERY WITH EXCEPTION OF EXPERT DISCLOSURES**

**AND EXPERT DEPOSITIONS:**  150 days following entry of the Order on Defendant's

Motion for Protective Order.

**EXPERT WITNESS DISCLOSURE:**

      **1.**      **PLAINTIFFS' RULE 26(a)(2) DISCLOSURES:**  To be served via email, hand delivery or fax on or before 30 days following the close of non-expert discovery.

M ETL 1084309 v3
2139310-000083 06/10/2008

**2.     DEFENDANT'S RULE 26(a)(2) DISCLOSURES**:  To be served via email, hand delivery or fax on or before <u>90 days following the close of non-expert discovery</u>.

**3.     EXPERT WITNESS DEPOSITIONS**:  Each party's expert(s) are to be made available, at a location where each resides, for discovery deposition by adversary counsel on mutually agreeable date(s) within 30 days of service of that expert's Rule 26(a)(2)(B) information.  The term "discovery deposition" means a deposition that may not be used at trial except to contradict or impeach the testimony of the deponent as a witness.

**4.     IDENTIFICATION AND PRODUCTION OF EXHIBITS TO BE OFFERED AT TRIAL THROUGH EXPERTS**:  One week before each expert's discovery deposition.

**FILING DISPOSITIVE MOTIONS**:  30 days after the deadline to depose Defendant's expert witnesses.

**OTHER RELEVANT MATTERS**:

The parties agree that the inadvertent disclosure of documents protected from discovery by a privilege or the work product doctrine will not constitute a waiver of the protection, provided that the party producing the document notified the other party of the inadvertent production within a reasonable period of time.

No depositions may be scheduled to occur after the discovery cutoff date.  All motions, requests for admissions or other filings that require a response must be filed sufficiently in advance of the discovery cutoff date to enable opposing counsel to respond in the time permitted by the Rules prior to that date.

Motions to compel discovery are to be filed and served by the discovery deadline or within 30 days of the default or the service of the response, answer, or objection, which is the subject of the motions, if the default occurs within 30 days of the discovery deadline, unless the time for filing such motion is extended for good cause shown, or the objection to the default, response, answer or objection shall be waived.

This case will be set for jury trial pursuant to Plaintiffs' demand.  The pretrial order date, pretrial conference date, and trial date will be set by the presiding judge.  The parties anticipate that the trial will last approximately 5 days.

The parties will, as the case progresses, consider whether the case is appropriate for ADR, at that time.  If the parties disagree on the advisability of mediation, the party desiring mediation may, upon the close of discovery, file a motion asking the Court to direct the parties to engage in court-annexed attorney mediation or private mediation.

The parties are reminded that pursuant to Local Rule 1.2(a)(1)(A), all motions, except motions pursuant to Fed. R. Civ. P. 12, 56, 59 and 60 shall be accompanied by a proposed order.

The opposing party may file a response to any motion filed in this matter.  Reply briefs may be filed in accordance with the local rules.

M ETL 1084309 v3
2139310-000083 06/10/2008

The parties have not consented to trial before the Magistrate Judge.

The parties contemplate that a Protective Order may be REQUESTED in this case regarding trade secrets or other confidential information that may be disclosed in this action. Should the need for a Protective Order be presented, counsel shall seek to reach an agreement among themselves regarding the terms of such Protective Order for the Court's consideration and entry.

*This Order has been entered after consultation with trial counsel pursuant to notice. Absent good cause shown, the scheduling dates set by this Order will not be modified or extended.*

IT IS SO ORDERED.

**s/ Bernice B. Donald**
JUDGE, U.S.DISTRICT COURT

June 17, 2008

3