IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| FREDDIE JONES, LUKE JONES, TRENNA JONES, RALPH JONES, LAVON JONES, and JIMMY FREEMAN, as Surviving Children of ELNORA JONES, Deceased, <br><br> Plaintiffs, <br><br> vs. <br><br> ABBOTT LABORATORIES, <br><br> Defendant. | Case No. 2:07-cv-02120-SHM-tmp <br><br> JURY DEMAND |

**DEFENDANT ABBOTT LABORATORIES' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR SCHEDULING CONFERENCE AND NEW SCHEDULING ORDER**

Plaintiffs' motion for a scheduling conference and a new scheduling order is nothing more than an attempt to secure an open-ended stay of expert discovery and trial of this case, which has been pending for nearly five years, in deference to plaintiff counsel's recently-filed Illinois state court actions (involving different plaintiffs pursuing different claims). Such delay is unwarranted. Fact discovery closed in this case in August 2011—over four months ago. Abbott has produced nearly one-and-a-half million pages of documents requested by plaintiffs. The parties have taken the depositions of thirteen fact witnesses. Only one item of fact discovery remains: plaintiffs' Rule 30(b)(6) deposition of Abbott's designated pharmacovigilance witness, Dr. James Embrescia. Abbott notified plaintiffs last month that Dr. Embrescia will give that deposition on January 23rd, and that Abbott would stipulate to a short extension of the case schedule, giving plaintiffs' thirty days after the deposition to serve their expert reports.

Instead, plaintiffs ask this Court to postpone that deposition (and plaintiffs' expert reports) until the Court rules on their objections to Magistrate Judge Pham's November 10, 2011 decision denying their motion to compel production of a large, irrelevant, confidential database known as Abbott's Adverse Event Global Information System ("AEGIS") for Humira (which contains over 144,000 unique adverse event reports ("AERs") and approximately 240,000 non-unique AERs, of which over 95% are unrelated to the type of injuries alleged here). As explained in Abbott's Response in Opposition to Plaintiffs' Objections (Dkt. 183), Judge Pham's decision—issued after the benefit of extensive briefing, multiple hearings, and witness testimony—is thoroughly considered, well-reasoned, and supported by settled law. Plaintiffs are not entitled to a delay of the sole remaining fact witness deposition and an open-ended extension of expert discovery simply because they have appealed a discovery ruling. In the unlikely event that they prevail on any of their objections, they may seek to take a supplemental deposition of Abbott's pharmacovigilance witness and amend their expert reports.

Plaintiffs also seek an additional stay of the pharmacovigilance deposition, expert discovery, and trial in deference to a proposed "bellwether" trial of a recently-filed Illinois state court case, for which *no* discovery has yet commenced and no trial date has been set. There has been *no* agreement whatsoever to hold a bellwether trial in the consolidated Cook County proceedings (12/20/11 *In re Humira-Related Cases* Hearing Tr. at 42-44 (Ex. A)), let alone an agreement to subordinate this case to the Illinois actions, the earliest of which was filed in February 2011. And the court in Cook County has given no indication that it intends to hold such a trial. This five-year-old case should continue to proceed through discovery to a final resolution, not be held indefinitely because of other cases in other jurisdictions involving other plaintiffs.

2

Accordingly, the Court should deny plaintiffs' request for a scheduling conference and a new scheduling order, and instead enter Abbott's proposed scheduling order, which allows the parties to bring this five-year-old case to completion without further unnecessary delay.

**I.   The Pendency of Plaintiffs' Objections to Magistrate Judge Pham's Decision Denying Discovery of Abbott's AER Database Does Not Warrant a Delay of the Pharmacovigilance Deposition or Plaintiffs' Expert Reports.**

Elnora Jones filed this product liability action nearly five years ago on February 15, 2007. (Dkt. 1)  The substituted plaintiffs in this action are the surviving adult children of Ms. Jones. (Dkt. 38 ¶ 1)  Plaintiffs allege that Ms. Jones developed lymphoma and esophageal cancer from her use of Abbott's FDA-approved prescription drug Humira (adalimumab) to treat her rheumatoid arthritis.  (*Id*. ¶¶ 18-20)

The parties served their initial disclosures on June 12, 2007.  Abbott served its First Set of Interrogatories and First Set of Requests for Production to Plaintiffs on May 24, 2007, and served its Second Set of Interrogatories and Requests for Documents and First Requests to Admit on May 11, 2011.  Plaintiffs have produced approximately 1,300 pages of documents.  Plaintiffs have agreed to supplement their initial disclosures and discovery responses after the Rule 30(b)(6) pharmacovigilance deposition.  (Dkt. 149 at 1-2)

Plaintiffs served their First Set of Interrogatories and First Set of Requests for Production to Abbott on November 16 and 20, 2007, respectively.  Plaintiffs served their Discovery Requests re Dr. Adams and Clinical Program on March 18, 2011, and their Second Discovery on April 8, 2011.  In response, Abbott has produced approximately 1,455,000 pages of documents.

Between October 20 and 21, 2009, Abbott took the depositions of plaintiffs Lavon Jones, Ralph Jones, Trenna Jones, Luke Jones, and Freddie Jones.  Between August 12 and 24, 2011, Abbott took the depositions of Ms. Jones's treating physicians:  Dr. R. Franklin Adams, Dr. Sohail Minhas, and Dr. Ulric Duncan.  Plaintiffs took the depositions of Abbott employees Dr.

3

Jeffery Kent and Dr. Aileen Pangan on August 9, 2011, and Robert Walker on October 4, 2011. Plaintiffs also took the Rule 30(b)(6) depositions of Abbott employees Raymond Votzmeyer (regulatory and labeling topics) and John Medich (clinical research topics) on August 4-5, 2011.

After being extended several times, (Dkt. 66, 82, 116, 124, 137, 149), fact discovery closed on August 31, 2011. (Dkt. 177 at 2) After the close of fact discovery, only one discovery dispute remained for resolution (*Id*. at 1): Plaintiffs' Emergency Motion to Compel (Dkt. 138), which had sought production of Abbott's entire AER database for its drug Humira, and Abbott's corresponding Motion for Protective Order Quashing Plaintiffs' Request for Abbott's AER Database (Dkt. 150). On November 10, 2011, after considering extensive briefing (Dkt. 138, 140, 143, 147, 150, 153, 157, 159, 160), live witness testimony from both parties, and oral argument at multiple hearings, Magistrate Judge Pham resolved that dispute, denying plaintiffs' motion and granting Abbott's. (Dkt. 179) Plaintiffs filed their objections to Judge Pham's decision on November 23, 2011 (Dkt. 180), and Abbott filed its opposition on December 7, 2011 (Dkt. 183). For the reasons set forth in Abbott's brief, plaintiffs' objections are unfounded. (*Id*.)

Because Judge Pham resolved the parties' last remaining discovery dispute, Abbott notified plaintiffs on December 12, 2011, that its Rule 30(b)(6) witness on pharmacovigilance topics, Dr. Embrescia, will give his deposition on January 23rd. That deposition is the last remaining item of fact discovery to be completed (aside from plaintiffs' agreement to supplement their discovery responses 10 days after Dr. Embrescia's deposition). Because plaintiffs' expert reports are due on January 6, 2012, under the current scheduling order (Dkt. 177 at 2), Abbott offered to stipulate to a short extension of the case schedule to give plaintiffs thirty days after Dr. Embrescia's deposition to serve their expert reports.

Instead, plaintiffs filed their motion for a scheduling conference and a new scheduling

4

order, seeking to postpone Dr. Embrescia's deposition (and plaintiffs' expert reports) indefinitely, until the Court rules on plaintiffs' objections. Plaintiffs' position is unjustified, particularly given Judge Pham's well-reasoned discovery order. In the interest of avoiding undue delay, the Court should order plaintiffs to go forward with the deposition of Dr. Embrescia on January 23rd, and serve their expert reports thirty days thereafter. In the event that they prevail on any of their objections, plaintiffs may later request a supplemental deposition of Dr. Embrescia and seek leave to supplement their expert reports. In the meantime, fact discovery should be completed, and expert discovery should proceed.

II. **This Five-Year-Old Case Should Not Be Stayed Pending Discovery and Trial of the Recently-Filed Illinois Cases.**

On February 4, 2011, almost four years after this case was initially filed, the Court in this action granted plaintiffs' motion to substitute their current counsel in place of their previous counsel. (Dkt. 129) Plaintiffs' current counsel subsequently filed a number of additional Humira-related product liability actions on behalf of different plaintiffs in Illinois state court[1] as well as other federal courts.[2] The Illinois suits allege a range of different injuries, including peripheral neuropathy, staph infection, sarcoidosis, and leukemia. The Circuit Court of Cook County, Illinois, consolidated these cases for pre-trial purposes on October 13, 2011, and held an initial case management conference on December 20, 2011. Abbott has filed dismissal motions with respect to a number of the Illinois cases, briefing on which is ongoing. Plaintiffs' counsel served their first set of document requests in the consolidated cases on December 22, 2011, which contained only two requests: (1) the entire AER database for Humira—the same request

---

[1] *See, e.g., Pletan v. Abbott* (Ill. Cir. Ct. filed Apr. 26, 2011); *Lawrence v. Abbott* (Ill. Cir. Ct. filed June 30, 2011); *Schmidt v. Abbott* (Ill. Cir. Ct. filed July 28, 2011); *Fleckenstein v. Abbott* (Ill. Cir. Ct. filed Sept. 2, 2011); *Hecker v. Abbott* (Ill. Cir. Ct. filed Oct. 17, 2011); *Pitman v. Abbott* (Ill. Cir. Ct. filed Oct. 21, 2011); *McCain v. Abbott* (Ill. Cir. Ct. filed Nov. 23, 2011); *Gioeli v. Abbott* (Ill. Cir. Ct. filed Dec. 9, 2011).

[2] *See, e.g., Murthy v. Abbott* (S.D. Tex. filed Jan. 13, 2011); *Calisi v. Abbott* (D. Mass. filed Apr. 18, 2011); *Bixby v. Abbott* (N.D. Ill. filed May 20, 2011); *Delano v. Abbott* (W.D. Tenn. filed June 12, 2011); *Allen v. Abbott* (E.D. Ky. filed July 23, 2011); and *Anderson v. Abbott* (N.D. Tex. filed July 29, 2011).

5

that Judge Pham had properly denied; and (2) the 1,455,000 pages of documents that Abbott had previously produced in *this* matter. (Dkt. 185-2) No other discovery has yet commenced.

Plaintiffs now ask this Court to issue an indefinite stay of the pharmacovigilance deposition, all expert discovery, and trial of this five-year-old case, in deference to a purported "bellwether" trial of one of plaintiff counsel's newly-filed Illinois cases (Dkt. 185), the earliest of which was filed in April 2011. No such stay is warranted. First, the parties did *not* agree to subordinate discovery in this or any of the other federal cases to the discovery proceedings in the Illinois consolidated cases (where *no* discovery has yet been taken). The parties simply agreed:

- "The Parties will seek to facilitate the coordination of the schedule of the Cook County Humira cases with the schedules for other state or federal Humira personal injury cases in which plaintiffs' counsel is involved so as to avoid unnecessary conflicts and expense, and to conserve judicial resources." (*In re Humira-Related Cases* Pretrial Order #1 ¶ 1(a) (Ex. B))

- "No Party in an individual case shall seek discovery (including requests for production of documents, interrogatories, requests for admission, or depositions) that is repetitive or duplicative or any discovery obtained in any other individual Humira personal injury case pending in either Cook County or in any other jurisdiction in which counsel involved in the Cook County Humira cases are attorneys of record." (*Id.* ¶ 1(b))

- "All non-plaintiff-specific discovery (including document productions, answers to interrogatories, requests for admissions, depositions, and expert disclosures) taken, produced or developed in the course of the Cook County Humira litigation shall be available for use by plaintiffs' counsel in other state or federal Humira personal injury cases . . . ." (*Id.* ¶ 1(c))

- "In addition to the coordinated Cook County discovery, the Parties may also seek non-duplicative discovery in Humira personal injury cases pending in other courts." (*Id.* ¶ 1(d))

None of these agreements is an agreement to hold discovery in the federal actions hostage to the Illinois discovery schedule.[3] That is particularly true for this case, the **most advanced** of the Humira-related cases, where, after five years of extensive discovery, only one item of fact

---

[3] Indeed, plaintiffs have not sought, and none of the federal courts has issued, any federal-state discovery coordination orders.

discovery remains (the deposition of Dr. Embrescia), and the time for expert discovery has come.

Second, the parties have *not* agreed, and the Illinois Circuit Court has not even considered, whether to conduct a bellwether trial of the Illinois consolidated cases. (Ex. A at 42-44) Nor have plaintiffs explained why the federal courts should wait for a bellwether Illinois case that has not even been ordered, let alone set for trial.[4] In any event, plaintiffs' counsel have articulated *no* reason why this five-year-old federal case—where fact discovery is all but complete and into which they substituted as counsel only recently after four prior years of litigation—should be held in abeyance for additional months or years while they try to get one of their brand new (and unrelated) Illinois cases past dismissal motions, beyond fact discovery and expert discovery, through dispositive motions, and at last ready for trial.[5]

One final note: plaintiffs ask this Court to defer its decision on their objections to Magistrate Judge Pham's ruling on the AER database dispute in favor of a future decision by the Illinois Circuit Court on the same issue. (Dkt. 185 at 2) That request for a second bite at the apple on an issue that they have lost here should be denied out of hand. Plaintiffs requested the AER database in this case, obtained an adverse ruling on their request after extensive briefing, hearings, and witness testimony before Judge Pham, and filed their objections to Judge Pham's ruling here—not in Illinois state court. It is this Court's determination on the AER database dispute that will govern this case, not the Illinois Circuit Court's. Even in the unlikely event that plaintiffs' counsel are able to persuade the Illinois court to disregard the well-reasoned opinion

---

[4] The parties have agreed only to coordinate trial schedules, not to subordinate the federal trials to the Illinois trials: "To the extent possible, trial scheduling for the Cook County Humira Cases will be made in coordination with any Humira case filed by plaintiffs' counsel also involved in the Cook County cases. The parties will work with the Cook County Court to establish a mechanism to coordinate trial dates to avoid conflicting trial dates that would unduly burden the parties." (Ex. B ¶ 6(b))

[5] Plaintiffs' counsel represented to the Illinois Circuit Court that they intend to file an additional twenty or more Humira-related cases in that court over the coming months. (December 20, 2011 *In re Humira-Related Cases* Hearing Tr. (Ex. A) at 18-19) It is therefore not clear that the "bellwether" case plaintiffs seek has yet even been filed.

7

by Judge Pham and compel production of some part of the AER database in the Illinois consolidated cases, plaintiffs cannot use that discovery in this case in direct defiance of a contrary order of this Court that those parts of the database are irrelevant.[6]

## CONCLUSION

For the foregoing reasons, the Court should deny plaintiffs' request for a scheduling conference and a new scheduling order, and instead enter Abbott's proposed scheduling order (based on conducting the deposition of Dr. Embrescia on January 23rd)[7]:

|  | **Current Deadline** | **Proposed Deadline** |
|---|---|---|
| Plaintiffs' expert reports | January 6, 2012 | February 22, 2012 |
| Defendant's expert reports | February 3, 2012 | March 28, 2012 |
| Expert discovery | March 16, 2012 | May 9, 2012 |
| Filing dispositive motions | April 20, 2012 | June 13, 2012 |
| Proposed joint pretrial order, motions in limine and proposed jury instructions | July 2, 2012 | TBD |
| Pretrial conference | July 9, 2012 | TBD |
| Jury trial | July 23, 2012 | TBD |

---

[6] *See* Dkt. 179 at 6-7 ("[P]laintiffs' discovery request seeking adverse event reports for Humira involving other adverse effects that have no association with lymphoma or malignancies does not meet the broad relevancy standards of Rule 26.")

[7] In the event that the Court decides to hold a scheduling conference, Abbott suggests, for the convenience of the Court and the parties, that the Court set the hearing for the same day (January 25, 2012) as this Court's scheduling conference in *Delano v. Abbott*, Case No. 11-cv-2475, which involves the same plaintiffs' counsel and defense counsel.

8

Date:  January 10, 2012

Respectfully submitted,

s/ Jill M. Steinberg
Michael P. Foradas
Renee D. Smith
Andrew P. Bautista
Kirkland & Ellis, LLP
300 North LaSalle
Chicago, IL 60654
Telephone: 312.862.2000

Jill M. Steinberg (#11603)
Emily Turner Landry (#22157)
Robert F. Tom (#26636)
Baker, Donelson, Bearman,
 Caldwell & Berkowitz, PC
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
Telephone: 901.526.2000
jsteinberg@bakerdonelson.com
elandry@bakerdonelson.com
rtom@bakerdonelson.com

*Attorneys for Defendant Abbott Laboratories*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 10th day of January, 2012, a copy of the foregoing was served on the parties listed below via operation of the electronic filing system of the United States District Court for the Western District of Tennessee:

Arnold Anderson Vickery
Fred H. Shepherd
510 Bering Street, Suite 550
Houston, Texas  77057-1469

Edmund J. Schmidt III
Law Office of Eddie Schmidt
1720 West End Avenue, Suite 300
Nashville, Tennessee  37203

s/ Jill M. Steinberg

M RFT 2287709 v1
2139310-000083  01/10/2012