IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
(WESTERN DIVISION)

| | | |
|---|---|---|
| FREDDIE JONES, LUKE JONES, TRENNA JONES, RALPH JONES, LAVON JONES and JIMMY FREEMAN, as Surviving Children of ELNORA JONES, Deceased,<br>        Plaintiffs, | § § § § § § § | |
| v. | § § | CASE # 2:07-cv-02120-WGY-tmp |
| ABBOTT LABORATORIES,<br>        Defendant. | § § § | |

## CERTIFICATION ORDER

On motion of the Plaintiffs, and as authorized by Tennessee Supreme Court Rule 23, section 3, this Court hereby certifies the following to the Tennessee Supreme Court:

   A.   <u>The style of the case</u> is set forth in the caption.

   B.   <u>Statement of facts, circumstances, and question of law</u>.  This is a products liability, personal injury, wrongful death case, pending in federal court under its diversity jurisdiction.  The plaintiffs allege that the drug Humira is unreasonably dangerous, and that the ingestion of that drug by their mother resulted in both personal injuries and death.  They further allege, among other things, that the drug's manufacturer, Abbott Laboratories, failed to provide legally adequate warnings and instructions concerning the risk of Humira-induced malignancies, to either the prescribing physician and/or to the patient herself.  Plaintiffs have identified one Tennessee Supreme Court opinion on point, *i.e., Pittman v Upjohn Co.*, 890 SW2d 425 (Tenn 1994), but argue that it is not "controlling precedent" within the meaning of Supreme Court Rule 23, section 1.

Abbott has filed a motion for summary judgment under the auspices of the "learned intermediary" doctrine, first mentioned by the Tennessee Supreme Court in *Pittman*.  Abbott has identified no other Tennessee Supreme Court authority on point.  The plaintiffs argue that this

doctrine is inapplicable, *inter alia*, because the *Pittman* court wrote that "the means whereby the product is dispensed is significant in determining to whom appropriate warnings should be given" and premised its holding on the statement, "where a ***product is marketed solely to professionals*** experienced in using the product, the manufacturer may rely on the knowledge that a reasonable professional would apply in using the product." *Id.* at 429-430.  Plaintiffs have alleged, and adduced competent evidence in support of the allegations, that Abbott has marketed Humira aggressively and extensively directly to consumers.  Plaintiffs have also alleged and proven that, at the time her prescribed Humira to Ms. Jones, Dr. Adams was being paid by Abbott to prescribe this medication to patients.

After considering the briefs and arguments of counsel, this Court has concluded that *Pittman* is not "controlling precedent" within the meaning of Supreme Court Rule 23.  Therefore, this Court certifies the following controlling question of law to the Tennessee Supreme Court:

> Does Tennessee adhere to the common law "learned intermediary" doctrine, and, if so, does it follow the RESTATEMENT (THIRD) OF TORTS, PRODUCT LIABILITY, §6(d) formulation of that doctrine or recognize such common law exceptions as direct-to-consumer advertising and/or an exception for physicians who are directly paid by the drug company to prescribe the medication in issue?

  C. <u>The names of each of the parties are as follows:</u>

   Freddie D. Jones
   Luke Jones, Sr.
   Trenna A Jones
   Ralph Jones, Sr.
   Lavon Jones
   Jimmy Freeman
   *Plaintiffs*

   Abbott Laboratories
   *Defendant*

-3-

D. The names, addresses and telephone numbers of counsel are as follows:

Arnold Anderson (Andy) Vickery
Jim M. Perdue, Jr.
Fred H. Shepherd
Brian Winegar
PERDUE KIDD & VICKERY
510 Bering Dr., Suite 550
Houston, TX 77057-1469
Telephone: 713-526-1100
*Counsel for Plaintiff*

Edmund J. Schmidt III
LAW OFFICE OF EDDIE SCHMIDT
1720 West End Ave., Suite 300
Nashville, TN 37203
Telephone: 615-425-7121
*Co-Counsel for Plaintiff*

John W. Donley, Esq.
Michael Foradas, Esq.
Andrew P. Bautista, Esq.
Renee D. Smith, Esq.
KIRKLAND & ELLIS, LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: 312-862-2000
*Counsel for Defendant*

Jill M. Steinberg, Esq.
Robert F. Tom, Esq.
Emily Turner Landry, Esq.
Kristine L. Roberts, Esq.
BAKER DONELSON BEARMAN
 CALDWELL & BERKOWITZ
First Tennessee Building
165 Madison Ave., Suite 2000
Memphis, TN 38103
Telephone: 901-577-2261
*Co-Counsel for Defendant*

E. The plaintiffs are the moving party.

SIGNED this __ day of _____, 2012.

_____
United States District Judge

-4-