IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
MEMPHIS DIVISION

| | |
|---|---|
| FREDDIE JONES, LUKE JONES TRENNA JONES, RALPH JONES, LAVON JONES, and JIMMY FREEMAN, as Surviving Children of ELNORA JONES, Deceased,<br><br>    Plaintiffs,<br><br>v.<br><br>ABBOTT LABORATORIES,<br><br>    Defendant. | No. 2:07-cv-02120-WGY-tmp<br><br>Hon. William G. Young<br><br>JURY DEMANDED |

[PROPOSED] AMENDED SCHEDULING ORDER

This cause came to be heard upon the parties' Joint Proposed Case Management Schedule (Dkt. 209), filed on October 12, 2012. This Order supersedes all previous scheduling orders and, for good cause shown, establishes the following new deadlines for this case:

**INITIAL DISCLOSURES:** June 11, 2007 (CLOSED)

**AMENDING PLEADINGS:** January 18, 2008 (CLOSED)

**JOINING PARTIES:** January 18, 2008 (CLOSED)

**INITIAL MOTIONS TO DISMISS:** August 15, 2007 (CLOSED)

**COMPLETING ALL DISCOVERY:**

    (a)    **DOCUMENT PRODUCTION:** August 31, 2011 (CLOSED)

    (b)    **DEPOSITIONS, INTERROGATORIES, AND REQUESTS FOR ADMISSIONS:** August 31, 2011 (CLOSED, with the exception of the previously noticed 30(b)(6) deposition of Dr. James Embrescia[1])

    (c)    **EXPERT WITNESS DISCLOSURES (Rule 26):**

        (1)    **DISCLOSURE OF PLAINTIFFS' RULE 26 EXPERT INFORMATION:** January 18, 2013

---

[1] On January 4, 2012, Plaintiffs moved for a new scheduling order (Dkt. 185), requesting in part that Dr. Embrescia's deposition be continued until the Court ruled on their objections to Magistrate Judge Pham's November 10, 2011 Order denying plaintiffs' motion to compel production of the AEGIS database ("November 10, 2011 Order" Dkt. 179). Abbott opposed plaintiffs' motion. Dkt. 186. On September 28, 2012, the Court confirmed the November 10, 2011 Order and found plaintiffs' motion for scheduling order moot. With the AEGIS database dispute resolved, the parties are currently working to schedule Dr. Embrescia's deposition.

      (2)    **DISCLOSURE OF DEFENDANT'S RULE 26 EXPERT INFORMATION:** February 15, 2013

      (3)    **EXPERT WITNESS DEPOSITIONS:** March 15, 2013

**FILING DISPOSITIVE MOTIONS (INCLUDING SUMMARY JUDGMENT AND DISPOSITIVE *DAUBERT* MOTIONS):** April 12, 2013

**PROPOSED JOINT PRETRIAL ORDER, MOTIONS IN LIMINE, AND PROPOSED JURY INSTRUCTIONS:** As determined by the Court.

**PRETRIAL CONFERENCE:** ~~June 25, 2013~~ *As determined by the Court* [handwritten initials]

**JURY SELECTION AND TRIAL:** As determined by the Court.

**OTHER RELEVANT MATTERS:**

The parties agree that the inadvertent disclosure of documents protected from discovery by a privilege or the work product doctrine will not constitute a waiver of the protection, provided that the party producing the document notified the other party of the inadvertent production within a reasonable period of time.

This case will be set for jury trial pursuant to Plaintiffs' demand. The jury selection date and the trial date will be set by the presiding judge. The parties anticipate that the trial will last approximately 10 days.

The parties will, as the case progresses, consider whether the case is appropriate for ADR, at that time. If the parties disagree on the advisability of mediation, the party desiring mediation may, upon the close of discovery, file a motion asking the Court to direct the parties to engage in court-annexed attorney mediation or private mediation.

The parties are reminded that pursuant to Local Rule 7.2(a)(1)(A), all motions, except motions pursuant to Fed. R. Civ. P. 12, 56, 59 and 60 shall be accompanied by a proposed order.

The opposing party may file a response to any motion filed in this matter. Reply briefs may be filed in accordance with the local rules.

The parties have not consented to trial before the Magistrate Judge.

*This Order has been entered after consultation with trial counsel pursuant to notice. Absent good cause shown, the scheduling dates set by this Order will not be modified or extended.*

IT IS SO ORDERED.

                                                                          William G. Young
                                                                         JUDGE